UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DAVID ANTHONY "TONY" MADSEN,<br><br>Plaintiff,<br><br>v.<br><br>CIRCUIT TRUCKING, LLC; KELTON LARSEN, individually and as owner and manager of Circuit Trucking LLC,<br><br>Defendants. | Case No. 4:23-cv-00209-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are Defendants' Motion to Compel Discovery and to Modify the Second Amended Scheduling Order and Motion for Summary Judgment (Dkts. 15, 16). Having reviewed the record and the parties' submissions, the Court finds that the facts and legal argument are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motions on the parties' briefing and the record. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b). For the reasons set forth below, the Court grants Defendants' Motion for Summary Judgment and denies their Motion to Compel as moot.

## BACKGROUND

In April 2023, Plaintiff David Anthony "Tony" Madsen, proceeding pro se, filed this action against Circuit Trucking, LLC, and its owner and manager, Kelton Larsen (Dkt. 1). According to

**MEMORANDUM DECISION AND ORDER** - 1

the verified Complaint,[1] Defendants employed Madsen in 2013 for approximately nine months to clean the interiors of crude oil tanker trailers (Dkt. 1 at 4; Addendum at ¶¶ 1-2). Madsen's duties required him to enter the tankers and use a power washer to remove oil residue and sediment (Addendum at ¶¶ 3-5). Madsen alleges this process caused his body, clothing, and skin to be repeatedly splashed with crude oil (*id*. ¶¶ 5-6). He contends he was assigned this work almost every day during his employment for Defendants—as many as 70-100 tanks every two weeks (*id*. ¶¶ 7-10).

Madsen further alleges that while Defendants provided other workers with protective equipment, such as respirators and suits, they did not give him any protective gear (*id*. ¶¶ 11-13). He states that Larsen personally instructed him to enter the tankers without adequate protection, despite Larsen's knowledge that such work was dangerous and could be fatal (*id*. ¶ 11). Madsen recounts learning later that another Circuit Trucking employee had nearly died from fumes while cleaning a tanker, an incident requiring the employee's emergency extrication with a forklift (*id*.).

According to Madsen, his exposure to crude oil was so severe that after his shifts his wife could smell crude oil on him, and he would return home with oil and sediment all over his body (*id*. ¶ 6). He alleges this prolonged exposure resulted in industrial toxin poisoning, which toxicology testing has confirmed (*id*. ¶¶ 15-17).

In May 2021, medical imaging revealed Madsen had multiple pulmonary nodules and a splenic neoplasm (*id*. ¶ 15). Madsen asserts these conditions were not "objectively ascertainable" by him or his physicians before May 11, 2021 (*id*. ¶ 16). He attributes these conditions and other

---

[1] Because the Complaint is verified, the Court may consider it as evidence at the summary judgment stage—but only to the extent the allegations are based on Madsen's personal knowledge and set forth facts admissible in evidence. Fed. R. Civ. P. 56(c)(4); *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000).

**MEMORANDUM DECISION AND ORDER** - 2

related health complications to his crude oil exposures while employed by Defendants in 2013 (*id*. ¶¶ 15-16).

Madsen filed this action in April 2023, and the Court's scheduling order required him to disclose expert witnesses by February 26, 2024 (Dkt. 12). In September 2024, Defendants filed their summary judgment motion, and the Court issued a Notice to Pro Se Litigant explaining how to respond to a summary judgment motion (Dkts. 16, 17). Defendants' summary judgment is ripe for resolution.

## LEGAL STANDARD

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that may affect the outcome under governing law; a dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the responsibility of identifying portions of the record demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party does so, the opposing party must then designate specific facts, supported by admissible evidence, showing that a genuine dispute exists for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A "scintilla of evidence" is not enough; the record must contain evidence on which a reasonable jury could find for the nonmovant. *Anderson*, 477 U.S. at 252.

Arguments, assertions, and unsupported allegations are not evidence. Fed. R. Civ. P. 56(c)(1). Affidavits or declarations must be made on personal knowledge, set forth admissible facts, and show that the affiant is competent to testify. Fed. R. Civ. P. 56(c)(4). While the Court

MEMORANDUM DECISION AND ORDER - 3

views evidence in the light most favorable to the nonmovant, it may only consider facts supported by admissible evidence. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002).

The District of Idaho's local rules reinforce these principles. Parties opposing summary judgment must submit both a memorandum and a statement of disputed facts, each with pinpoint citations to the record. Dist. Idaho Loc. Civ. R. 7.1. The Court does not automatically deem unopposed factual assertions admitted; rather, it independently evaluates whether the movant's evidence establishes the absence of a genuine dispute and supports judgment as a matter of law. Dist. Idaho Loc. Civ. R. 7.1(e)(2) (citing Fed. R. Civ. P. 56 and Loc. Civ. R. 7.1(b)(1) and (c)(2)).

Because Madsen is proceeding pro se, the Court construes his filings liberally and holds him to less stringent standards than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). Nevertheless, pro se litigants, such as Madsen, must still follow the same substantive and procedural rules as other litigants. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). In the context of Rule 56, "an ordinary pro se litigant, like other litigants, must comply strictly with the summary judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)). Courts are not required to accept conclusory allegations, unwarranted deductions of fact, or unreasonable inferences. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

## ANALYSIS

A.  **Summary Judgment Motion**

As an initial matter, Madsen states in his opposition that he filed a separate statement of facts rather than including them in his opposition. Madsen, however, did not do so. Consequently, his only factual support is his verified Complaint, although he does not cite to it. Allegations describing his own job duties, frequency of cleaning, and lack of protective equipment are

competent Rule 56 evidence. By contrast, statements regarding when his injury was "objectively ascertainable," what his medical providers "knew," or accounts of a "story he was told" about another worker are conclusory, speculative, or hearsay and do not create a genuine dispute of material fact.

Defendants moved for summary judgment on what they characterize as three independent grounds: a lack of expert testimony; the statute of limitations; and the exclusive remedy doctrine under Idaho's worker's compensation law. The Court finds the lack of expert testimony to be dispositive. For this reason, it does not address Defendants' other theories.

Under Idaho law, expert testimony is required where medical causation involves complex medical issues. *Evans v. Twin Falls Cnty.*, 796 P.2d 87, 90 (Idaho 1990); *Mortensen v. Baker*, 516 P.3d 1015, 1030 (Idaho 2022). The Idaho Supreme Court has repeatedly confirmed that lay testimony may provide foundation, but it is not sufficient to establish causation in medically complex cases. *Easterling v. Kendall*, 367 P.3d 1214, 1229 (Idaho 2016); *Ackerschott v. Mountain View Hosp.*, 457 P.3d 875, 883-84 (Idaho 2020). Although in limited circumstances proximate cause may be inferred without direct expert testimony, such as where the causal chain is obvious and supported by medical foundation, *Sheridan v. St. Luke's Reg'l Med. Ctr.*, 25 P.3d 88, 98 (Idaho 2001), this case does not fall into that category. Moreover, Madsen concedes expert testimony is necessary (Dkt. 18-1 at 3) ("[T]he inclusion of these experts *will create* significant disputes of fact that warrant trial consideration.") (emphasis added). Madsen, however, failed to disclose any expert witness. Without admissible expert testimony, Madsen cannot establish causation as a matter of law.

The Court notes that Madsen's opposition states that as of October 9, 2024, he was prepared to proceed with discovery and had secured or was in the process of retaining experts. Significant

time has passed since then, however, and he has not identified any expert to support his opposition to Defendants' summary judgment motion, has not disclosed any expert reports, and has not submitted any supporting declarations. A vague statement that experts may be available in the future does not create a genuine issue of material fact.[2]

Even assuming Madsen's factual allegations in his verified Complaint as true, he has failed to disclose any expert evidence establishing that his exposures to crude oil in 2013 caused pulmonary nodules and a splenic neoplasm. Without expert testimony, Madsen cannot prove an essential element of his claims, and summary judgment is warranted.

**B.     Motion to Compel Discovery**

Because the Court grants Defendants' summary judgment motion, it denies their motion to compel as moot.

## ORDER

1. Defendants' Motion for Summary Judgment (Dkt. 16) is **GRANTED**. Plaintiff's claims are dismissed with prejudice.

2. Defendants' Motion to Compel (Dkt. 15) is **DENIED** as moot.

3. The Court will enter a separate judgment.

DATED: September 29, 2025

Amanda K. Brailsford
U.S. District Court Judge

---

[2] Madsen cites several cases in his opposition to Defendants' summary judgment motion including *Miller v. Dyer*, *Dorr v. Idaho Dep't of Corrections*, *Olsen v. Idaho State Police*, and *Vanderpool v. Aho* (Dkt. 19-1 ¶¶ 3–12). The citations Madsen provides for these cases, however, are incorrect, and the Court has been unable to locate the cases in either the Idaho or federal reporters. Reliance on nonexistent authority does not create a genuine issue of material fact. Fed. R. Civ. P. 11(b)(2).